UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Raul Uriarte-Limon**, | Case No.: 2:19-cv-04691-SVW-SS |
| Plaintiff, | |
| v. | **FINDINGS OF FACT AND CONCLUSIONS OF LAW** |
| **Albert Castro,** in individual and representative capacity as trustee of the Albert Castro Trust, U/A dated 10/10/2018; | Trial Date: November 5, 2019<br>Time: 9:00 a.m. |
| **Yeni Palacios**; and Does 1-10, | Complaint Filed: May 30, 2019 |
| Defendants. | Honorable Judge Stephen V. Wilson |

Pursuant to the Central District Local Rule 52-1, the plaintiff submits his Proposed Findings of Fact and Conclusions of Law to reflect the Court's findings at trial:

**FINDINGS OF FACT:**

1. Plaintiff is a paraplegic who cannot walk and uses a wheelchair for mobility.
2. On April 22, 2019, Plaintiff drove to the Palacios Barber ("Barber Shop"), located at 699 West Mission Blvd., Pomona, California, to get a haircut.
3. Defendant Albert Castro, in individual and representative capacity as trustee of the Albert Castro Trust, U/A dated 10/10/2018, owned the real property located at or about 699 W. Mission Blvd., Pomona, California, in April 2019.
4. Defendant Albert Castro, in individual and representative capacity as trustee of the Albert Castro Trust, U/A dated 10/10/2018, owns the real property located at or about 699 W. Mission Blvd., Pomona, California, currently.
5. Defendant Yeni Palacios owned the Barber Shop in April 2019.
6. Defendant Yeni Palacios owns the Barber Shop currently.
7. The Barber Shop is a place of business and open to the public.
8. There is a ramp at the front entrance to the Barber Shop.
9. The running slope of this ramp exceeds ADA standards.
10. The ramp has no level landing at the top.
11. Plaintiff personally encountered this ramp.
12. [RESERVED]
13. There were no signs at the front, along the side, or at the rear of the Barber Shop directing disabled patrons to an alternate entrance.
14. The Barber Shop has a door leading to its parking lot in the rear of the building.
15. The rear door is four inches higher than the parking lot pavement.
16. There are no signs at the rear door designating it as the accessible entrance.

17. Inside Barber Shop, employees conduct transactions at a sales counter.
18. The sales counter is 43 inches high off the floor.
19. Plaintiff personally encountered the sales counter.
20. The sales counter was beyond Plaintiff's reach.
21. Plaintiff lives approximately 2.5 miles away from the Barber Shop. It is, therefore, a convenient place for him to get a haircut.
22. Once the barriers are removed, Plaintiff will return to patronize the Barber Shop and to verify it has been brought into compliance.

**CONCLUSIONS OF LAW**:

1. Plaintiff is disabled within the meaning of the Americans with Disabilities Act ("ADA").
2. Defendants own, operate, lease, or lease to a place of public accommodation.
3. Defendants failed to provide an accessible path of travel into the Barber Shop, as described in the Americans with Disabilities Act Accessibility Guidelines.
4. Plaintiff personally encountered the lack of accessible path of travel, denying him full and equal access to the goods, services, facilities, privileges, advantages, or accommodations Defendants provide their patrons.
5. [RESERVED]
6. Defendants failed to provide an accessible transaction counter, as described in the Americans with Disabilities Act Accessibility Guidelines.
7. Plaintiff personally encountered the lack of an accessible transaction counter, denying him full and equal access to the goods, services, facilities, privileges, advantages, or accommodations Defendants provide their patrons.
8. [RESERVED]
9. Plaintiff will continue to be denied full and equal access to the Barber Shop until the unlawful architectural barriers described herein are removed.

10. It is likely that an injunction will redress this denial of access.

11. Plaintiff, is, therefore, entitled to injunctive relief under the ADA as to the unlawful architectural barriers at the Barber Shop.

12. Further, Plaintiff is entitled to statutory damages under the Unruh Act.

Dated September 23, 2020

By: _____
Hon. Stephen V. Wilson
United States District Judge